No. 23-3512

---

IN THE UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

---

**EMPLOYEES RETIREMENT SYSTEM OF THE CITY OF ST. LOUIS,
Derivatively on behalf of FirstEnergy Corp.; ELECTRICAL WORKERS
PENSION FUND, LOCAL 103, I.B.E.W., Co-Lead Plaintiff - Case No. 2:20-
cv-5128; MASSACHUSETTS LABORERS PENSION FUND, Derivatively
on Behalf of FirstEnergy Corp. Case No. 2:20-cv-5237; CITY OF
PHILADELPHIA BOARD OF PENSIONS AND RETIREMENT;
ROBERTA BLOOM; JOAN RANDELL; ARLENE POGOLOWITZ;
JAMES ATHERTON,**

*Plaintiffs-Appellees,*

**TODD AUGENBAUM,**

*Objector-Appellant,*

v.

**CHARLES E. JONES; MICHAEL J. ANDERSON; STEVEN J.
DEMETRIOU; JULIA L. JOHNSON; DONALD T. MISHEFF; THOMAS
N. MITCHELL; JAMES F. O'NEIL, III; CHRISTOPHER D. PAPPAS;
SANDRA PIANALTO; LUIS A. REYES; LESLIE M. TURNER; PAUL T.
ADDISON; JERRY SUE THORNTON; WILLIAM T. COTTLE; GEORGE
M. SMART; JUSTIN BILTZ; MICHAEL DOWLING; JAMES F.
PEARSON; STEVEN E. STRAH; K. JON TAYLOR; ROBERT P.
REFFNER; EBONY YEBOAH-AMANKWAH; FIRSTENERGY
CORPORATION; JOHN DOES, 1-50,**

*Defendants-Appellees.*

---

On Appeal from the U.S. District Court for the Southern District of Ohio,
Civil Action No. 2:20-CV-04813-ALM-KAJ

---

**BRIEF OF DEFENDANTS-APPELLEES CHARLES E. JONES, MICHAEL J. ANDERSON, STEVEN J. DEMETRIOU, JULIA L. JOHNSON, DONALD T. MISHEFF, THOMAS N. MITCHELL, JAMES F. O'NEIL, III, CHRISTOPHER D. PAPPAS, SANDRA PIANALTO, LUIS A. REYES, LESLIE M. TURNER, PAUL T. ADDISON, JERRY SUE THORNTON, WILLIAM T. COTTLE, GEORGE M. SMART, JUSTIN BILTZ, MICHAEL DOWLING, JAMES F. PEARSON, STEVEN E. STRAH, K. JON TAYLOR, ROBERT P. REFFNER, AND EBONY YEBOAH-AMANKWAH**

———————————————

Geoffrey J. Ritts
JONES DAY
North Point
901 Lakeside Avenue
Cleveland, OH  44114-1190
Telephone:  (216) 586-3939
Email:  gjritts@jonesday.com

Marjorie P. Duffy
Jordan M. Baumann
JONES DAY
325 John H. McConnell Boulevard,
Suite 600
Columbus, OH  43215
Telephone:  (614) 469-3939
Email:   mpduffy@jonesday.com
Email:   jbaumann@jonesday.com

*Attorneys for Defendants-Appellees
Michael J. Anderson, Steven J. Demetriou,
Julia L. Johnson, Donald T. Misheff,
Thomas N. Mitchell, James F. O'Neil, III,
Christopher D. Pappas, Sandra Pianalto,
Luis A. Reyes, Leslie M. Turner, Paul T.
Addison, Jerry Sue Thornton, William T.
Cottle, George M. Smart, Steven E. Strah,
and K. Jon Taylor*


Daniel R. Warren
Carole S. Rendon
Douglas L. Shively
Jeremy S. Dunnaback
BAKER & HOSTETLER LLP
Key Tower
127 Public Square, Suite 2000
Cleveland, OH  44114-1214
Telephone:  (216) 621-0200
Email:  dwarren@bakerlaw.com
Email:  crendon@bakerlaw.com

Email: dshively@bakerlaw.com
Email: jdunnaback@bakerlaw.com

*Attorneys for Defendant-Appellee*
*Charles E. Jones*


John F. McCaffrey
John A. Favret
TUCKER ELLIS LLP
950 Main Avenue - Suite 1100
Cleveland, OH 44113
Telephone: (216) 592-5000
Email: john.mccaffrey@tuckerellis.com
Email: john.favret@tuckerellis.com
Email: hannah.smith@tuckerellis.com

*Attorneys for Defendant-Appellee*
*Michael J. Dowling*


Michael B. Kimberly
McDERMOTT WILL & EMERY LLP
500 North Capitol Street, NW
Washington, DC 20001
Telephone: (202) 756-8901
Email: mkimberly@mwe.com

John C. Fairweather
Lisa S. DelGrosso
BROUSE McDOWELL
388 South Main Street, Suite 500
Akron, OH 44311
Telephone: (330) 535-5711
Email: jfairweather@brouse.com
Email: ldelgrosso@brouse.com

*Attorneys for Defendant-Appellee*
*Robert P. Reffner*

Marcella L. Lape
SKADDEN, ARPS, SLATE, MEAGHER
& FLOM LLP
155 N. Wacker Drive, Suite 2700
Chicago, IL 60606
Telephone: (312) 407-0700
Email: marcie.lape@skadden.com

*Attorney for Defendant-Appellee*
*Ebony Yeboah-Amankwah*


David L. Axelrod
Timothy D. Katsiff
Elanor Mulhern
BALLARD SPAHR LLP
1735 Market Street, 51st Floor
Philadelphia, PA 19103
Telephone: (215) 864-8393
Email: axelrodd@ballardspahr.com
Email: mulherne@ballardspahr.com
Email: katsiff@ballardspahr.com

*Attorneys for Defendant-Appellee*
*James F. Pearson*

## <u>CORPORATE DISCLOSURE</u>

Defendants-Appellees Michael J. Anderson, Steven J. Demetriou, Julia L. Johnson, Donald T. Misheff, Thomas N. Mitchell, James F. O'Neil, III, Christopher D. Pappas, Sandra Pianalto, Luis Reyes, Leslie M. Turner, Paul T. Addison, Jerry Sue Thornton, William T. Cottle, George M. Smart, Steven E. Strah, K. Jon Taylor, Charles E. Jones, Michael Dowling, James F. Pearson, Robert P. Reffner, and Ebony Yeboah-Amankwah (collectively, the "Individual Defendants") state that the information contained in their respective Disclosures of Corporate Affiliations and Financial Interest filed June 29 (ECF No. 15 and ECF No. 16), June 30 (ECF No. 44 and ECF No. 46), July 5 (ECF No. 48), September 21 (ECF No. 55), and October 10, 2023 (ECF No. 57) remain accurate. Fed. R. App. P. 15.

# TABLE OF CONTENTS

**Page**

CORPORATE DISCLOSURE .................................................................i

TABLE OF AUTHORITIES ................................................................ iii

STATEMENT REGARDING ORAL ARGUMENT .............................................1

STATEMENT OF JURISDICTION.........................................................2

STATEMENT OF THE ISSUES...........................................................2

STATEMENT OF THE CASE ............................................................3

STANDARD OF REVIEW ...............................................................3

SUMMARY OF THE ARGUMENT .........................................................3

ARGUMENT .........................................................................5

I.      Augenbaum waived all of his arguments by failing to
        timely raise them below.....................................................5

II.     Even if not waived, Augenbaum's arguments all lack merit. .......................7

        A.      The parties were not required to obtain approval of
                the settlement from the Northern District. ............................7

        B.      The District Court did not abuse its discretion in
                finding that the settlement is fair, reasonable, and adequate ...............9

CONCLUSION.......................................................................14

CERTIFICATE OF COMPLIANCE.......................................................17

CERTIFICATE OF SERVICE .........................................................18

ADDENDUM ........................................................................19

# TABLE OF AUTHORITIES

**Page(s)**

CASES

*Am. Meat Inst. v. Pridgeon*,
 724 F.2d 45 (6th Cir. 1984) ..................................................................6

*Bannister v. Knox Cnty. Bd. of Educ.*,
 49 F.4th 1000 (6th Cir. 2022) ...............................................................6

*Clark Equip. Co. v. Int'l Union, Allied Indus. Workers of Am., AFL-CIO*,
 803 F.2d 878 (6th Cir. 1986) ...............................................................12

*Evanston Ins. Co. v. Cogswell Properties, LLC*,
 683 F.3d 684 (6th Cir. 2012) .................................................................6

*Frazier v. Jenkins*,
 770 F.3d 485 (6th Cir. 2014) .................................................................5

*General Med., P.C. v. Azar*,
 963 F.3d 516 (6th Cir. 2020) .................................................................5

*Granada Invs., Inc. v. DWG Corp.*,
 962 F.2d 1203 (6th Cir. 1992) ...............................................................9

*In re Gen. Tire & Rubber Co. Sec. Litig.*,
 726 F.2d 1075 (6th Cir. 1984) .............................................................10

*In re Wendy's Co. S'holder Deriv. Action*,
 44 F.4th 527 (6th Cir. 2022) ............................................................3, 9

*Morgan v. Fed. Bureau of Alcohol, Tobacco & Firearms*,
 509 F.3d 273 (6th Cir. 2007) .................................................................6

*Scottsdale Ins. Co. v. Flowers*,
 513 F.3d 546 (6th Cir. 2008) .................................................................5

*Thompson v. Parker*,
 867 F.3d 641 (6th Cir. 2017) .................................................................5

*U.S. v. Olano*,
 507 U.S. 725 (1993) ..............................................................................6

**RULES**

Fed. R. App. P. 28(i) ...........................................................................3, 5, 17

Fed. R. App. P. 32 ...................................................................................17

**STATUTES**

Ohio Rev. Code § 1701.59...............................................................10, 11

Ohio Rev. Code § 1701.641..............................................................10, 11

## STATEMENT REGARDING ORAL ARGUMENT

Because this case involves straightforward issues and the briefs adequately present the facts and legal arguments, the Individual Defendants believe oral argument is unnecessary.

## STATEMENT OF JURISDICTION

Objector Todd Augenbaum ("Augenbaum") concedes that "jurisdiction is undisputed." Objector-Appellant Augenbaum's Opening Brief [ECF No. 52] ("Augenbaum Br.") at 1. The Individual Defendants agree; the District Court indisputably had jurisdiction over the action.[1]

## STATEMENT OF THE ISSUES

1. Did Augenbaum waive his arguments by failing to raise them, if at all, until his motion for reconsideration of the District Court's decision approving the settlement?

2. Did the District Court have jurisdiction to consider the proposed settlement?

3. Did the District Court abuse its discretion in approving this mediated settlement in light of the expenses and risks of continued litigation and the benefits flowing to FirstEnergy from the settlement?

---

[1] Shareholders filed derivative actions on behalf of nominal defendant FirstEnergy Corp. ("FirstEnergy") in three different courts: the District Court for the Northern District of Ohio (the "Northern District"), the District Court for the Southern District of Ohio, and the Summit County, Ohio, Court of Common Pleas. The Northern District case was captioned *Miller v. Anderson, et al.*, No. 5:20-cv-01743-JRA (N.D. Ohio) ("*Miller*"). Messrs. Addison, Cottle, Smart, Biltz, and Chack and Dr. Thornton were not named as defendants in the consolidated complaint filed in the Southern District action. The settlement resolved all of the derivative actions.

## STATEMENT OF THE CASE

The Individual Defendants join and incorporate by reference the counter-statement of the case set forth in the brief filed by the Special Litigation Committee ("SLC") of the Board of Directors of FirstEnergy Corp.  *See* Fed. R. App. P. 28(i).

## STANDARD OF REVIEW

It is settled law in this Circuit that a district court's approval of a settlement in a derivative action is reviewed for abuse of discretion.  *In re Wendy's Co. S'holder Deriv. Action*, 44 F.4th 527, 532 (6th Cir. 2022) (a district court's "approval of [a] settlement…. implicates the district court's discretionary role in supervising complex litigation" and is "reviewed for an abuse of discretion").  Augenbaum cites no Sixth Circuit authority that supports his assertion that de novo review should apply here.

## SUMMARY OF THE ARGUMENT

Augenbaum asks this Court to reverse the District Court's well-reasoned approval of an arm's-length, mediated settlement based on nothing more than his disagreement with the District Court's judgment.  Augenbaum's appeal is meritless. To start, Augenbaum waived his arguments by either failing to raise them at all in the District Court or by raising them for the first time in his motion for reconsideration of the order approving the settlement.

Even if this Court considers Augenbaum's forfeited arguments, each one fails on the merits.  *First*, the parties were not required to seek approval of the settlement

from the Northern District. The Individual Defendants sought to stay the proceedings in the Southern District pending resolution of the proceedings in the Northern District under the first-to-file rule, but the District Court denied that motion. The Individual Defendants were therefore required to proceed in both courts, and nothing required the Individual Defendants to present the settlement to the Northern District for approval in the first instance. *Second*, the District Court did not abuse its discretion in determining that the settlement was fair, reasonable, and adequate. After considering the arguments of all parties, the District Court correctly concluded that the risk of fraud or collusion was negligible, and that the settlement was an appropriate resolution, given the complexity of the legal and factual issues and the costs, burdens, and risks of further litigation. Contrary to Augenbaum's arguments, the settlement did not deprive FirstEnergy of the benefit of the D&O insurance policies, but instead preserved that benefit, by preventing the insurance from being eroded by continued derivative litigation in all three courts.

For the reasons stated below and for those articulated in the briefs filed by the other settling parties, the Individual Defendants respectfully request that this Court affirm the District Court's approval of the settlement.[2]

---

[2] As noted, the Individual Defendants generally join in the arguments made by the other settling parties in their respective briefs in opposition to Augenbaum's appeal. However, Plaintiffs mischaracterize certain of FirstEnergy's disclosures and make unsupported assertions about certain events subsequent to the settlement. Plaintiffs wrongly describe Mr. Strah's retirement, even as they cite the relevant SEC

## **ARGUMENT**

The Individual Defendants agree with the arguments set forth in the brief filed by the SLC. *See* Fed. R. App. P. 28(i). Rather than repeat all of those arguments here, the Individual Defendants adopt them and address selected points below in more detail. *See* Fed. R. App. P. 28(i).

## **I.     Augenbaum waived all of his arguments by failing to timely raise them below.**

Augenbaum's appeal can be decided on simple grounds: each of his arguments is waived or untimely. Under settled Sixth Circuit law, "an argument not raised before the district court is waived on appeal." *Scottsdale Ins. Co. v. Flowers*, 513 F.3d 546, 552 (6th Cir. 2008); *see also Thompson v. Parker*, 867 F.3d 641, 652 (6th Cir. 2017) ("The clear rule is that appellate courts do not consider issues not presented to the district court."); *Frazier v. Jenkins*, 770 F.3d 485, 497 (6th Cir. 2014) ("Generally, we will not address arguments raised for the first time on appeal."); *Gen. Med., P.C. v. Azar*, 963 F.3d 516, 525 n.3 (6th Cir. 2020) ("Any argument that is not raised before the district court is waived on appeal to this Court.").[3]

---

filing disclosing that "Mr. Strah decided to retire as President and CEO." FirstEnergy Corp., 9/15/22 Form 8-K (cited in Plaintiffs-Appellees' Brief [ECF No. 60] at Page 42 n.11). Plaintiffs' inaccuracy does not undermine the fairness of the settlement or provide any support for any of Augenbaum's arguments.

[3] Augenbaum contends that he has not waived his arguments because "[w]aiver exists only where there is an 'intentional relinquishment or abandonment

Likewise, "[a]rguments raised for the first time in a motion for reconsideration are untimely and forfeited on appeal." *Evanston Ins. Co. v. Cogswell Properties, LLC*, 683 F.3d 684, 692 (6th Cir. 2012); *see also Morgan v. Fed. Bureau of Alcohol, Tobacco & Firearms*, 509 F.3d 273, 277 (6th Cir. 2007) (holding that a party who "presented [an] argument for the first time in his motion for reconsideration … did not preserve [the] issue for appeal."); *Am. Meat Inst. v. Pridgeon*, 724 F.2d 45, 47 (6th Cir. 1984) (holding that an issue raised "for the first time in [the defendants'] motion for reconsideration" was raised in "an untimely fashion," causing "defendants [to] effectively waive[] their argument").

Augenbaum's arguments either were never raised below or were untimely and are thus forfeited now. To start, he argues that the settlement should be vacated because the parties did not seek approval from the Northern District. Augenbaum Br. at 21. But never during the district court proceedings did Augenbaum make that argument. *See* Augenbaum's Objection to Proposed Settlement, RE 181; Transcript

---

of a known right.'" Augenbaum Br. at 26, n.8. The case Augenbaum cites is inapposite. There, on a criminal appeal, the Supreme Court considered whether a defendant had forfeited his constitutional rights. *U.S. v. Olano*, 507 U.S. 725, 733 (1993). That is not the standard here, in a civil case where the appellant failed to raise arguments in the District Court and yet attempts to assert them on appeal. As this Court has stated, the Sixth Circuit "may consider forfeited claims in civil cases in 'exceptional' circumstances or when a 'plain miscarriage of justice' would otherwise result." *Bannister v. Knox Cnty. Bd. of Educ.*, 49 F.4th 1000, 1012 (6th Cir. 2022). Augenbaum has not attempted to make such a showing here.

of Fairness Hearing Proceedings, RE 194, PageID# 5028–5036; Augenbaum's Mot. for Reconsideration, RE 197.  It is too late for him to do so now.

Augenbaum also repeats the arguments he made to the District Court for the first time in his motion for reconsideration.  He contends that the notice failed to comply with due process requirements (Augenbaum Br. at 25) and challenges the settlement based on supposed "fraud or collusion" (*id.* at 26) and purported "newly revealed facts" (*id.* at 31).  But because those arguments were raised for the first time in Augenbaum's motion for reconsideration, they are untimely and forfeited on appeal.[4]  *See* Defs.' Opp. to Mot. for Reconsideration, RE 198, PageID# 6081–6083; Opinion & Order, RE 205, PageID# 6150–54.

## II.  Even if not waived, Augenbaum's arguments all lack merit.

### A.  The parties were not required to obtain approval of the settlement from the Northern District.

Augenbaum contends that the first-filed rule required the parties to present the settlement to the Northern District for approval, but he cites no authority for this

---

[4] Augenbaum protests that he did not forfeit his arguments about the settlement notice by raising them for the first time in his reconsideration motion, arguing that "the facts were only first disclosed in a footnote in Plaintiffs' reply brief after the deadline for filing objections had passed."  Augenbaum Br. at 25.  That argument is meritless, as the District Court already determined.  The District Court found that "the slightest amount of reasonable diligence would have revealed this information" and "[t]he fact that Augenbaum did not exercise this diligence does not make the evidence '[n]ewly discovered.'"  Opinion & Order, RE 205, PageID# 6151–52.

belated (and thus waived) argument. Indeed, Judge Adams' own opinion, quoted by Augenbaum, acknowledges that "[d]istrict courts have the discretion to dispense with the first-to-file rule where equity so demands." *Miller*, Order and Decision, RE 331, PageID# 4187. Here, the Individual Defendants sought to stay the Southern District action and proceed in the Northern District consistent with the first-to-file rule. Motion to Stay, RE 48, PageID# 727 (requesting that the Southern District action be stayed under the first-to-file rule). But the District Court denied the motion, opting instead to keep the consolidated cases in the Southern District. Opinion & Order, RE 59, PageID# 798–799 (finding that "permitting the Consolidated Action [in the Southern District] to continue unimpeded best comports with principles of efficiency"). Forced to proceed in both courts, nothing required the parties to seek approval of the settlement in the Northern District or prohibited them from presenting the settlement to the Southern District Court. Augenbaum's argument to the contrary is unsupported.

Moreover, Augenbaum correctly concedes in his opening brief that the District Court had jurisdiction over the case, proclaiming that "[j]urisdiction is undisputed." Augenbaum Br. at 1. If the District Court had jurisdiction over the case, then it necessarily also had jurisdiction to consider the proposed settlement, and Augenbaum provides no authority or argument to the contrary.

**B.     The District Court did not abuse its discretion in finding that the settlement is fair, reasonable, and adequate.**

The District Court correctly concluded that the settlement is fair, reasonable, and adequate. *See Granada Invs., Inc. v. DWG Corp.*, 962 F.2d 1203, 1205–06 (6th Cir. 1992) (noting that the district court enjoys "wide discretion" in evaluating these factors and stating that, "[a]bsent evidence of fraud or collusion, such settlements are not to be trifled with"). Even if not waived, none of Augenbaum's arguments to the contrary are persuasive.

As the District Court found, the risk of fraud or collusion was "negligible." Order of Final Settlement Approval, RE 195, PageID# 5055–56. Augenbaum registers his disagreement with the settlement because he believes the amount of discovery was "lacking," though he waited to raise this argument until his reconsideration motion. Augenbaum's Motion for Reconsideration, RE 197, PageID# 5097. The District Court, in any event, already considered and addressed that point when approving the settlement. Order of Final Settlement Approval, RE 195, PageID# 5056–57; Opinion & Order, RE 205, PageID# 6151. The fact that Augenbaum, the only shareholder to properly and timely assert an objection, disagrees with the settlement provides no basis to revisit the District Court's conclusion. This Court has repeatedly confirmed that in similar circumstances. *E.g.*, *In re Wendy's Co. S'holder Deriv. Action*, 44 F.4th at 537 ("the district court [is] tasked with deciding not whether the proposed settlement [is] the best one

imaginable, but only whether it [is] fair and adequate under the relevant circumstances"); *In re Gen. Tire & Rubber Co. Sec. Litig.*, 726 F.2d 1075, 1086 (6th Cir. 1984) (rejecting objectors' appeal where "objectors … would have this Court reject the independent business judgment arrived at by a Special Committee of lawyers, accountants, and businessmen after a thorough investigation" and refusing to "reverse that judgment merely because of a business 'disagreement'").

Augenbaum further attacks the settlement by contending that it would be "within the wheelhouse" of any litigator to prove the disputed facts necessary to support the claims at issue here. Augenbaum Br. at 29. But Augenbaum ignores both the complexity of the legal and factual issues in this case and the risks and difficulty of proving liability. There is no dispute that the Ohio Revised Code provides the Individual Defendants with significant protections against the claims asserted by Plaintiffs. To establish liability for any Individual Defendant, Plaintiffs would have had to satisfy an elevated standard of proof—clear and convincing evidence—*and* also would have to make the elevated showing that the Individual Defendant deliberately intended to harm FirstEnergy or recklessly disregarded its best interests. Ohio Rev. Code §§ 1701.59, 1701.641. Plaintiffs, having reviewed the many documents produced in discovery, were in a position far superior to Augenbaum to assess the strengths and weaknesses of their claims, which Plaintiffs expressly acknowledged included "the difficulty of establishing breach of fiduciary

duty claims under Ohio law under the 'clear and convincing evidence' standard." Order of Final Settlement Approval, RE 195, PageID# 5057.

As the District Court correctly observed, "[a]bsent settlement, this case would proceed to voluminous summary judgment briefing on challenging issues of law, expert admissibility challenges, and (potentially) a highly complex jury trial." Order of Final Settlement Approval, RE 195, PageID# 5056. Nevertheless, Augenbaum argues that the settlement should be rejected because it includes releases of claims against officers as well as directors. Augenbaum wrongly contends that claims against an officer would somehow be easier to prove. He misconstrues Ohio law, which affords the same statutory protections to directors and officers alike. Ohio Rev. Code §§ 1701.59 (directors), 1701.641 (officers). Furthermore, though Augenbaum does not acknowledge it, every Individual Defendant expressly and vigorously denies that he or she ever intended to harm FirstEnergy or recklessly disregarded its interests. *E.g.*, Stipulation and Agreement of Settlement, RE 170-3, PageID# 2521 & ¶ 26 ("Defendants deny any and all allegations of fault, liability, wrongdoing, or damages whatsoever in the Actions."); *see also* RE 109–114 (Individual Defendants' respective answers to the complaint).

The District Court correctly concluded that the burden of establishing that an officer or director breached fiduciary duties was not a "speculative" risk, noting that "Plaintiffs have made an accurate appraisal of the obstacles they would face." Order

of Final Settlement Approval, RE 195, PageID# 5058.  That appraisal included the supposedly "new" evidence Augenbaum purports to identify.  Augenbaum Br. at 33.  Though these emails may be "new" to Augenbaum, they were not to the Plaintiffs, as the District Court acknowledged when denying Augenbaum's motion for reconsideration.  Opinion & Order, RE 205, PageID# 6154 ("Augenbaum does not contest parties' representations that these emails were already in the record; he instead argues that, as a non-party, he lacked access to the emails prior to the Order's issuance.").  Augenbaum's belated attack on the settlement thus amounts to the sort of second-guessing that this Court routinely rejects.  *See Clark Equip. Co. v. Int'l Union, Allied Indus. Workers of Am., AFL-CIO*, 803 F.2d 878, 880 (6th Cir. 1986) ("[A]bsent fraud or collusion and evidence that the settlement on a whole was not fair, reasonable and adequate, this court does not second guess such a settlement.").

Augenbaum's argument that the settlement "deprived FirstEnergy of more than $107 million in insurance coverage" is nonsense.  Augenbaum Br. at 21, 35.  Far from "depriving" FirstEnergy of any insurance coverage, the settlement expressly calls for $180 million of D&O insurance proceeds (less attorneys' fees) to be paid directly to FirstEnergy.  Motion for Final Approval of Settlement, RE 179, PageID# 2901–02.  Given the number of defendants and complexity of the issues involved, absent the settlement, much or all of that insurance coverage would have been exhausted by defense costs in the three shareholder derivative lawsuits in the

Southern District, the Northern District, and Summit County, including likely appellate proceedings, with no assurance of a better final outcome for FirstEnergy. Indeed, a victory for the Plaintiffs at trial could well have been Pyrrhic if the litigation process burned through so much of the insurance coverage that it left FirstEnergy with no way to recover anything like the $180 million provided through the settlement. Rather than "depriving" FirstEnergy of the benefit of the D&O insurance, the settlement preserved it.

Augenbaum has never disputed that defense costs erode the coverage limits under the relevant D&O insurance policies, or that further derivative litigation would have quickly and materially eroded those coverage limits. Nor could he: concurrent derivative litigation proceedings in three courts against 22 defendants, most of whom are represented by separate counsel, all of whom would be claiming against the same D&O policies, and all of whom had every incentive to tenaciously defend the claims, would have swiftly eaten away at the very proceeds to be delivered to FirstEnergy under the settlement. The District Court correctly observed that "ongoing litigation expenses would deplete [Defendants'] insurance coverage … while Plaintiffs' mounting attorneys' fees would dilute the ultimate recovery." Order of Final Settlement Approval, RE 195, PageID# 5056. The District Court did not abuse its discretion when it considered this crucial factor in finding that the settlement was fair and reasonable. Augenbaum, by contrast, ignores it.

## **CONCLUSION**

For these reasons and those articulated in the briefs filed by the other settling parties, the Court should affirm the District Court's approval of the settlement.

Dated:  October 16, 2023                    Respectfully submitted,

*/s/ Geoffrey J. Ritts*
Geoffrey J. Ritts
JONES DAY
North Point
901 Lakeside Avenue
Cleveland, OH  44114-1190
Telephone:  (216) 586-3939
Email:   gjritts@jonesday.com

Marjorie P. Duffy
Jordan M. Baumann
JONES DAY
325 John H. McConnell Boulevard
Suite 600
Columbus, OH  43215
Telephone:  (614) 469-3939
Email:   mpduffy@jonesday.com
Email:   jbaumann@jonesday.com

*Attorneys for Defendants-Appellees*
*Michael J. Anderson, Steven J.*
*Demetriou, Julia L. Johnson, Donald T.*
*Misheff, Thomas N. Mitchell, James F.*
*O'Neil, III, Christopher D. Pappas,*
*Sandra Pianalto, Luis A. Reyes, Leslie M.*
*Turner, Paul T. Addison, Jerry Sue*
*Thornton, William T. Cottle, George M.*
*Smart, Steven E. Strah, and K. Jon Taylor*

*/s/ Daniel R. Warren (with permission)*
Daniel R. Warren

-14-

Carole S. Rendon
Douglas L. Shively
Jeremy S. Dunnaback
BAKER & HOSTETLER LLP
Key Tower
127 Public Square, Suite 2000
Cleveland, OH  44114-1214
Telephone:  (216) 621-0200
Email:  dwarren@bakerlaw.com
Email:  crendon@bakerlaw.com
Email:  dshively@bakerlaw.com
Email:  jdunnaback@bakerlaw.com

*Attorneys for Defendant-Appellee
Charles E. Jones*


*/s/ John F. McCaffrey (with permission)*
John F. McCaffrey
John A. Favret
TUCKER ELLIS LLP
950 Main Avenue - Suite 1100
Cleveland, OH  44113
Telephone:  (216) 592-5000
Email:  john.mccaffrey@tuckerellis.com
Email:  john.favret@tuckerellis.com

*Attorneys for Defendant-Appellee
Michael J. Dowling*

*/s/ Michael B. Kimberly (with permission)*
Michael B. Kimberly
McDERMOTT WILL & EMERY LLP
500 North Capitol Street, NW
Washington, DC 20001
Telephone: (202) 756-8901
Email:  mkimberly@mwe.com


John C. Fairweather
Lisa S. DelGrosso

BROUSE McDOWELL
388 South Main Street, Suite 500
Akron, OH 44311
Telephone:  (330) 535-5711
Email:  jfairweather@brouse.com
Email:  ldelgrosso@brouse.com

*Attorneys for Defendant-Appellee*
*Robert P. Reffner*

/s/ Marcella L. Lape (with permission)
Marcella L. Lape
SKADDEN, ARPS, SLATE, MEAGHER
& FLOM LLP
155 N. Wacker Drive, Suite 2700
Chicago, IL 60606
Telephone:  (312) 407-0700
Email:  marcie.lape@skadden.com

*Attorneys for Defendant-Appellee*
*Ebony Yeboah-Amankwah*

/s/ David L. Axelrod (with permission)
David L. Axelrod
Timothy D. Katsiff
Elanor Mulhern
BALLARD SPAHR LLP
1735 Market Street, 51st Floor
Philadelphia, PA 19103
Telephone:  (215) 864-8393
Email:  axelrodd@ballardspahr.com
Email:  mulherne@ballardspahr.com
Email:  katsiff@ballardspahr.com

*Attorneys for Defendant-Appellee*
*James F. Pearson*

## <u>CERTIFICATE OF COMPLIANCE</u>

I hereby certify that: (1) this brief complies with the type-volume limitation of FRAP 28.1(e)(2)(B)(i) because this brief contains 2,525 words, including footnotes, but excluding the parts of the motion exempted by FRAP 32(a)(7)(B)(iii); and (2) this brief complies with the typeface and type-style requirements of FRAP 32(a)(4), (5), and (6) because it has been prepared in a proportionally spaced typeface using Microsoft Word 365 in a 14-point Times New Roman font in the text and footnotes.

Dated:  October 16, 2023

*/s/ Geoffrey J. Ritts*
Geoffrey J. Ritts

*Counsel for Defendants-Appellees Michael J. Anderson, Steven J. Demetriou, Julia L. Johnson, Donald T. Misheff, Thomas N. Mitchell, James F. O'Neil, III, Christopher D. Pappas, Sandra Pianalto, Luis A. Reyes, Leslie M. Turner, Paul T. Addison, Jerry Sue Thornton, William T. Cottle, George M. Smart, Steven E. Strah, and K. Jon Taylor*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that I electronically filed the foregoing document with the Clerk of the Court for the United States Court of Appeals for the Sixth Circuit by using the appellate CM/ECF system on October 16, 2023.  I certify that all participants in the case are registered CM/ECF users and that service will be accomplished by the appellate CM/ECF system.

Dated: October 16, 2023

*/s/ Geoffrey J. Ritts*
Geoffrey J. Ritts

*Counsel for Defendants-Appellees*
*Michael J. Anderson, Steven J.*
*Demetriou, Julia L. Johnson, Donald T.*
*Misheff, Thomas N. Mitchell, James F.*
*O'Neil, III, Christopher D. Pappas,*
*Sandra Pianalto, Luis A. Reyes, Leslie*
*M. Turner, Paul T. Addison, Jerry Sue*
*Thornton, William T. Cottle, George M.*
*Smart, Steven E. Strah, and K. Jon*
*Taylor*

## DESIGNATION OF RELEVANT DISTRICT COURT DOCUMENTS

| Description | Record Entry | Page ID # Range |
|---|---|---|
| Defendants' Motion to Stay Proceedings Pending a Decision on the Pending Motion to Dismiss in the First-Filed, Procedurally Advanced Derivative Action in the Northern District of Ohio | 48 | 723–724 |
| Opinion & Order Denying Defendants' Motion to Stay | 59 | 792–800 |
| Consolidated Verified Shareholder Complaint | 75 | 881–1006 |
| The D&O Defendants Answer to Plaintiffs' Consolidated Verified Shareholder Complaint | 109 | 1409–1486 |
| Defendant Michael Dowling's Answer to Plaintiffs' Consolidated Verified Shareholder Complaint | 110 | 1487–1643 |
| Defendant James Pearson's Answer to Plaintiffs' Consolidated Verified Shareholder Complaint | 111 | 1644–1704 |
| Defendant Charles Jones's Answer to Plaintiffs' Consolidated Verified Shareholder Complaint | 112 | 1705–1751 |
| Defendant Ebony Yeboah-Amankwah's Answer to Plaintiffs' Consolidated Verified Shareholder Complaint | 113 | 1752–1816 |
| Defendant Robert Reffner's Answer to Plaintiffs' Consolidated Verified Shareholder Complaint | 114 | 1817–1891 |
| Stipulation and Agreement of Settlement | 170-3 | 2482–2606 |
| Plaintiffs' Motion for Final Approval of Settlement | 179 | 2870–2941 |
| Order and Decision (docketed in *Miller v. Anderson, et al.*, No. 5:20-cv-01743-JRA (N.D. Ohio)) | 331 | 4186–4190 |
| Augenbaum's Objection to Proposed Settlement | 181 | 4019–4056 |

| Description | Record Entry | Page ID # Range |
|---|---|---|
| Transcript of Fairness Hearing Proceedings | 194 | 4947–5043 |
| Order of Final Settlement Approval | 195 | 5044–5073 |
| Final Judgment Approving Settlement and Order of Dismissal | 196 | 5074–5085 |
| Augenbaum's Motion for Reconsideration | 197 | 5086–5087 |
| Augenbaum's Memorandum of Law in Support of Motion for Reconsideration | 197-1 | 5088–5102 |
| Defendants' Opposition to Motion for Reconsideration | 198 | 6080–6091 |
| Opinion & Order Denying Motion for Reconsideration | 205 | 6147–6154 |
| Augenbaum's Notice of Appeal | 206 | 6155–6156 |